IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER INTELLECTUAL PROPERTY GMBH, BAYER AG, and JANSSEN PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MANKIND PHARMA LIMITED, <br><br> Defendant. | ) ) ) ) ) ) ) C.A. No. _____ ) ) ) ) ) ) |

## COMPLAINT

Plaintiffs Bayer Intellectual Property GmbH ("BIP"), Bayer AG (BIP and Bayer AG are collectively referred to herein as "Bayer"), and Janssen Pharmaceuticals, Inc. ("Janssen") (Bayer and Janssen are collectively referred to herein as "Plaintiffs"), by their attorneys, for their Complaint, hereby allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of the submission by Mankind Pharma Limited ("Mankind") of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of Plaintiffs' 10 mg, 15 mg, and 20 mg XARELTO® products prior to the expiration of U.S. Patent No. 9,539,218 ("the '218 patent").

## THE PARTIES

### Plaintiffs

2. Plaintiff Bayer Intellectual Property GmbH is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Alfred-Nobel-Strasse 50, 40789 Monheim am Rhein, Germany.

3. Plaintiff Bayer AG is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Kaiser-Wilhelm-Allee 1, 51368 Leverkusen, Germany.

4. Plaintiff Janssen Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business at 1125 Trenton-Harbourton Road, Titusville, New Jersey.

### Defendant

5. Upon information and belief, Defendant Mankind is a corporation organized and existing under the laws of India, having a principal place of business at 208 Okhla Industrial Estate, Phase III, New Delhi, Delhi 110020 India.

6. Upon information and belief, Mankind is in the business of, among other things, manufacturing, marketing, distributing, offering for sale, and selling generic drug products. As a part of this business, upon information and belief, Mankind files ANDAs with the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of drug products that are covered by United States patents. Upon information and belief, as part of these ANDAs, Mankind files certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("Paragraph IV Certifications") to engage in the commercial manufacture, use, offer for sale, sale, and/or

importation of generic drug products prior to the expiration of United States patents that cover such products.

7. Upon information and belief, and consistent with its practice with respect to other generic products, Mankind prepared and submitted ANDA No. 220874 for Mankind's 10 mg, 15 mg, and 20 mg rivaroxaban tablets ("Mankind's ANDA Products").

8. Upon information and belief, following any FDA approval of ANDA No. 220874, Mankind will market, distribute, offer for sale, and sell Mankind's ANDA Products throughout the United States and within Delaware.

9. Upon information and belief, following any FDA approval of ANDA No. 220874, Mankind knows and intends that its ANDA Products will be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware.

## JURISDICTION

10. Plaintiffs incorporate each of the preceding paragraphs as if each fully set forth herein.

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

12. This Court has personal jurisdiction over Mankind because Mankind has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Upon information and belief, Mankind develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including within Delaware, and therefore transacts business within Delaware related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within Delaware.

13. This Court also has personal jurisdiction over Mankind because, among other things, upon information and belief: (1) Mankind has filed an ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Mankind's ANDA Products in the United States, including in Delaware; and (2) Mankind will market, distribute, offer for sale, and/or sell Mankind's ANDA Products in the United States, including in Delaware, upon approval of ANDA No. 220874, and will derive substantial revenue from the use or consumption of Mankind's ANDA Products in the State of Delaware.

14. In addition, upon information and belief, if ANDA No. 220874 is approved, the generic Mankind products charged with infringing the '218 patent would, among other things, be marketed, distributed, offered for sale, and/or sold in Delaware, prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and/or used by patients in Delaware, all of which would have a substantial effect on Delaware.

15. In addition, this Court has personal jurisdiction over Mankind because it has consented to personal jurisdiction in Delaware in one or more prior cases arising out of the filing of ANDAs, and/or has purposefully availed itself of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. *See, e.g.*, *Allergan, Inc. et al. v. Mankind Pharma Ltd.*, C.A. No. 1:23-cv-00272-JFM (D. Del. Apr. 3, 2023) (D.I. 13); *Boehringer Ingelheim Pharms. Inc. et al. v. Mankind Pharma Ltd. et al.*, C.A. No. 1:21-cv-01766-CFC (D. Del. Mar. 4, 2022) (D.I. 12).

16. Alternatively, if Mankind's connections with Delaware are found to be insufficient to confer personal jurisdiction, then, upon information and belief, Mankind is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over

4

Mankind in Delaware is consistent with the United States Constitution and Laws. *See* Fed. R. Civ. P. 4(k)(2).

## VENUE

17. Venue is proper in this district for Mankind pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Mankind is not a resident in the United States and is subject to personal jurisdiction in this judicial district.

## FACTUAL BACKGROUND

18. XARELTO® (active ingredient rivaroxaban) is a factor Xa inhibitor indicated, *inter alia*, (i) to reduce the risk of stroke and systemic embolism in adult patients with nonvalvular atrial fibrillation; (ii) for the treatment of deep vein thrombosis ("DVT"); (iii) for the treatment of pulmonary embolism ("PE"); (iv) for the reduction in the risk of recurrence of DVT and/or PE in adult patients at continued risk for recurrent DVT and/or PE after completion of initial treatment lasting at least 6 months; (v) for the prophylaxis of DVT, which may lead to PE in adult patients undergoing knee or hip replacement surgery; (vi) for the prophylaxis of venous thromboembolism ("VTE") and VTE related death during hospitalization and post hospital discharge in adult patients admitted for an acute medical illness who are at risk for thromboembolic complications due to moderate or severe restricted mobility and other risk factors for VTE and not at high risk of bleeding; (vii) for the treatment of VTE and the reduction in the risk of recurrent VTE in pediatric patients from birth to less than 18 years after at least 5 days of initial parenteral anticoagulant treatment; and (viii) for thromboprophylaxis in pediatric patients aged 2 years and older with congenital heart disease who have undergone the Fontan procedure. XARELTO® is available as tablets in, *inter alia*, 10 mg, 15 mg, and 20 mg dosage strengths.

19. Janssen is the holder of New Drug Application No. 022406 for XARELTO®, which has been approved by the FDA.

### The '218 Patent

20. U.S. Patent No. 9,539,218 ("the '218 patent"), entitled "Prevention and Treatment of Thromboembolic Disorders," was duly and legally issued on January 10, 2017. The '218 patent is attached as Exhibit A.

21. As set forth in greater detail in the '218 patent, the claims of the '218 patent, incorporated by reference herein, cover certain methods involving rivaroxaban. For example, claim 1 recites, "A method of treating a thromboembolic disorder comprising administering a direct factor Xa inhibitor that is 5-Chloro-N-({(5S)-2-oxo-3-[4-(3-oxo-4-morpholinyl)phenyl]-1,3-oxazolidin-5-yl}methyl)-2-thiophenecarboxamide no more than once daily for at least five consecutive days in a rapid-release tablet to a patient in need thereof, wherein the thromboembolic disorder is selected from the group consisting of pulmonary embolisms, deep vein thromboses, and stroke."

22. BIP is the assignee of the '218 patent.

23. Bayer AG is an exclusive licensee under the '218 patent.

24. Janssen is an exclusive sublicensee under the '218 patent.

25. Pursuant to 21 U.S.C. § 355, the '218 patent is listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") in connection with XARELTO® tablets in 10 mg, 15 mg, and 20 mg dosage strengths.

**Infringement by Mankind**

26. By letter dated October 15, 2025 (the "Mankind Notice Letter"), Mankind notified at least BIP, Bayer AG, and Janssen that Mankind had submitted to the FDA ANDA No. 220874 for Mankind's ANDA Products. These products are generic versions of XARELTO®.

27. In the Mankind Notice Letter, Mankind stated that Mankind's ANDA Products contain rivaroxaban.

28. In the Mankind Notice Letter, Mankind also indicated that Mankind submitted to the FDA an ANDA seeking approval for generic versions of at least the 10 mg, 15 mg, and 20 mg strengths of Plaintiffs' XARELTO® products.

29. In the Mankind Notice Letter, Mankind indicated that, in connection with its ANDA No. 220874, Mankind had filed Paragraph IV Certifications with respect to the '218 patent.

30. Upon information and belief, the purpose of ANDA No. 220874 was to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, and/or sale of Mankind's ANDA Products with their proposed labeling prior to the expiration of the '218 patent.

31. Upon information and belief, Mankind intends to engage in the manufacture, use, offer for sale, and/or sale of Mankind's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220874, *i.e.*, prior to the expiration of the '218 patent.

32. In the Mankind Notice Letter, Mankind stated that the dosage form of Mankind's ANDA Products is a tablet. Upon information and belief, the dosage form of

Mankind's ANDA Products satisfies the "rapid-release tablet" requirement of claim 1 of the '218 patent.

33. Upon information and belief, the proposed labeling for Mankind's ANDA Products directs the use of Mankind's ANDA Products for at least one or more of the following indications: (i) to reduce the risk of stroke and systemic embolism in adult patients with nonvalvular atrial fibrillation; (ii) for the treatment of DVT; (iii) for the treatment of PE; (iv) for the reduction in the risk of recurrence of DVT and/or PE in adult patients at continued risk for recurrent DVT and/or PE after completion of initial treatment lasting at least 6 months; (v) for the prophylaxis of DVT, which may lead to PE in adult patients undergoing knee or hip replacement surgery; and (vi) for the prophylaxis of VTE and VTE related death during hospitalization and post hospital discharge in adult patients admitted for an acute medical illness who are at risk for thromboembolic complications due to moderate or severe restricted mobility and other risk factors for VTE and not at high risk of bleeding. Upon information and belief, the proposed labeling for Mankind's ANDA Products directs the use of Mankind's ANDA Products in a manner that satisfies the "no more than once daily for at least five consecutive days" requirement of claim 1 of the '218 patent.

34. Upon information and belief, the manufacture, use (including in accordance with and as directed by Mankind's proposed labeling for Mankind's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Mankind's ANDA Products will infringe at least claim 1 of the '218 patent.

35. Mankind has knowledge of the claims of the '218 patent. Notwithstanding this knowledge, Mankind has continued to assert its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mankind's ANDA Products with their

proposed labeling immediately and imminently upon approval of ANDA No. 220874. Upon information and belief, by such activities, Mankind specifically intends to infringe the '218 patent.

36. Upon information and belief, Mankind plans and intends to, and will, actively induce infringement of the '218 patent when its ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

37. Upon information and belief, Mankind knows that Mankind's ANDA Products are especially made or adapted for use in infringing the '218 patent, and that Mankind's ANDA Products are not suitable for substantial noninfringing use. Mankind's ANDA Products are a material part of the invention. Upon information and belief, Mankind plans and intends to, and will, contribute to infringement of the '218 patent immediately and imminently upon approval of ANDA No. 220874.

38. The foregoing actions by Mankind constitute and/or will constitute infringement of the '218 patent, active inducement of infringement of the '218 patent, and/or contribution to the infringement by others of the '218 patent.

39. An actual case or controversy exists between Plaintiffs and Mankind with respect to infringement of the '218 patent.

40. This action is being commenced before the expiration of forty-five days from the date BIP, Bayer AG, and Janssen received the Mankind Notice Letter.

**COUNT I:  Infringement of the '218 Patent**

41. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

42. Mankind's submission of ANDA No. 220874 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Mankind's ANDA Products was an act of infringement of the '218 patent under 35 U.S.C. § 271(e)(2).

43. Upon information and belief, Mankind has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Mankind's ANDA Products with their proposed labeling prior to the expiration of the '218 patent.

44. Mankind intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mankind's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220874, *i.e.*, prior to the expiration of the '218 patent.

45. The foregoing actions by Mankind constitute and/or will constitute infringement of the '218 patent, active inducement of infringement of the '218 patent, and/or contribution to the infringement by others of the '218 patent.

46. Unless Mankind is enjoined from infringing the '218 patent, actively inducing infringement of the '218 patent, and contributing to the infringement by others of the '218 patent, BIP, Bayer AG, and Janssen will suffer irreparable injury. BIP, Bayer AG, and Janssen have no adequate remedy at law.

### COUNT II:  Declaratory Judgment of Infringement of the '218 Patent

47. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

48. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between BIP, Bayer

AG, and Janssen on the one hand and Mankind on the other regarding Mankind's liability for infringement, active inducement, and contribution to infringement of the '218 patent.

49. An actual case or controversy exists between BIP, Bayer AG, and Janssen and Mankind with respect to Mankind's liability for infringement of the '218 patent.

50. The Court should declare that the commercial manufacture, use, offer for sale, sale, or importation of Mankind's ANDA Products will infringe, induce the infringement of, and contribute to the infringement of the '218 patent.

\*     \*     \*

WHEREFORE, Plaintiffs request the following relief:

(a) A judgment that Mankind has infringed the '218 patent;

(b) A judgment ordering that the effective date of any FDA approval for Mankind to make, use, offer for sale, sell, market, distribute, or import Mankind's ANDA Products, or any product or compound the use of which infringes the '218 patent, be no earlier than the expiration date of the '218 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c) A preliminary and permanent injunction enjoining Mankind, and all persons acting in concert with Mankind, from making, using, offering for sale, selling, marketing, distributing, or importing Mankind's ANDA Products, or any product or compound the use of which infringes the '218 patent, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the '218 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d) A judgment declaring that the commercial manufacture, use, offer for sale, sale, or importation of Mankind's ANDA Products prior to the expiration of the '218 patent will infringe, induce the infringement, and contribute to the infringement of the '218 patent;

(e) A declaration that this is an exceptional case and an award of attorneys' fees for Plaintiffs pursuant to 35 U.S.C. § 285;

(f) An award of Plaintiffs' costs and expenses in this action; and

(g) Such further and other relief as this Court may deem just and proper.

| | |
|---|---|
| OF COUNSEL:<br><br>Bruce R. Genderson<br>Dov P. Grossman<br>Alexander S. Zolan<br>Ben Picozzi<br>Dana B. Kinel<br>WILLIAMS & CONNOLLY LLP<br>680 Maine Avenue SW<br>Washington, DC 20024<br>(202) 434-5000<br><br>*Attorneys for Plaintiffs Bayer Intellectual Property GmbH and Bayer AG*<br><br>Stephanie Koh<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, IL 60603<br>(312) 853-7000<br><br>*Attorneys for Plaintiff Janssen Pharmaceuticals, Inc.* | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Derek J. Fahnestock*<br>_____<br>Rodger D. Smith II (#3778)<br>Derek J. Fahnestock (#4705)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>rsmith@morrisnichols.com<br>dfahnestock@morrisnichols.com<br><br>*Attorneys for Plaintiffs Bayer Intellectual Property GmbH, Bayer AG and Janssen Pharmaceuticals, Inc.* |

November 24, 2025